UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FEB 0 4 2002

Robert M March
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

    Civ. No. 01-0984 LH/RLP
    Cr. No. 99-0628 LH

PETER JOE,

    Defendant-Movant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. This is a proceeding on a Motion to Vacate, Set Aside or Correct Sentence and Conviction, filed pursuant to 28 U.S.C. § 2255. Mr. Joe is currently serving a 293 month sentence, having pled guilty to a charge of Second Degree Murder. See Plea Agreement [Cr. Doc. 35]. He filed his § 2255 motion on August 29, 2001, asserting several grounds for relief. Because his petition is barred by the one-year limitation of action provisions of § 2255, the court does not reach the merits of his claims.

2. Judgment was entered in this case on May 11, 2000 [Cr. Doc. 40]. Mr. Joe filed a Motion for Correction of Sentence [Cr. Doc. 41] and then filed a Notice of Appeal [Cr. Doc. 42]. An Amended Judgment was entered on May 30, 2000 [Cr. Doc. 44] and then a Second Amended Judgment was entered on June 13, 2000 [Cr. Doc. 46]. Mr. Joe

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Proposed Findings and Recommended Disposition (the "Proposed Findings") that party may, pursuant to 28 U.S.C. § 636(b)(1), file in the United States District Court written objections to the Proposed Findings. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings. If no objections are filed, no appellate review will be allowed.

moved to dismiss his appeal, which was granted by the Tenth Circuit Court of Appeals on June 19, 2000 [Cr. Doc. 48]. Mr. Joe did not appeal the Second Amended Judgment.

3. Pursuant to Fed.R.App.Proc. 4:

> In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of: (1) the entry of either the judgment or the order being appealed . . . .

Fed.R.App.Proc. 4(b)(1).

4. Adding ten (10) days to the date the judgment became final, Mr. Joe was required to file his § 2255 motion on or before June 29, 2001. *See United States v. Smith*, 215 F.3d 1338, 2000 WL 639488 (10th Cir. 2000) (unpublished opinion); *United States v. Nevarez-Rodriguez*, 161 F.3d 19, 1998 WL 694511 (10th Cir. 1998) (unpublished opinion); *see also United States v. Burch*, 202 F.3d 1274 (10th Cir. 2000) (holding that when direct appeal is filed, limitation period begins to run when time for filing petition for writ of certiorari expires).

## RECOMMENDED DISPOSITION

I recommend that the motion be denied and this case dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge